IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALBERT DUNKOWSKI,

        *Petitioner,*

v.

MARK WAHL,

        *Respondent.*

CIVIL ACTION
NO. 25-4315

## ORDER

**AND NOW**, this 8th day of October 2025, upon consideration of petitioner Albert Dunkowski's Motion to Proceed *In Forma Pauperis* (Dkt. No. 3), and upon review of his Petition for a Writ of *Habeas Corpus* (Dkt. No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**;

2. The Petition for a Writ of *Habeas Corpus* is **DISMISSED**;[1] and

---

[1]     Albert Dunkowski was convicted in Pennsylvania state court of endangering the welfare of children, and he was sentenced to at least nine years in prison. *Commonwealth v. Dunkowski*, No. 1047 EDA 2022, 2023 WL 5129187, at *1–8 (Pa. Super. Ct. Aug. 10, 2023). In April of 2025, an immigration judge in Philadelphia ordered his removal from the United States. *See* (Pet. for a Writ of Habeas Corpus at 3, Dkt. No. 1). The Board of Immigration Appeals denied his appeal of this decision. *See* (*Id.*) A few months later, Dunkowski filed this habeas petition under 28 U.S.C. § 2241 challenging his "illegal removal from [the] United States." (*Id.*) For relief, he asks the Court to "reverse the removal order." (*Id.* at 8.)

    When a federal court receives a petition for a writ of habeas corpus from a state prisoner, the court generally must request a response from the state respondent. *See* 28 U.S.C. § 2243. The court need not do so, however, when "it appears from the application that the applicant or person detained is not entitled" to the writ. *Id.* In keeping with this provision, the habeas rules authorize federal courts to screen out, and immediately dismiss, meritless habeas petitions. Habeas Rule 4 says: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). (To be sure, the habeas rules governing § 2254 cases apply to § 2241 cases as well. *See* Habeas Rule 1(b) (stating that a district court "may apply any or all of" the habeas rules to "a habeas corpus petition not covered by" § 2254); *Setter v. Christenson*, No. 24-cv-01227, 2025 WL 1582740, at *2 (M.D. Pa. June 4, 2025) (explaining that the habeas rules are "applicable to Section 2241 petitions").)

    The Court dismisses Dunkowski's habeas petition because it plainly appears that he is not entitled to relief. Congress has provided that "a petition for review filed with an appropriate court of

3. The Clerk of Court is **DIRECTED** to notify the petitioner of this Order and then **CLOSE** this case.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

appeals . . . shall be the *sole and exclusive* means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5) (emphasis added).  Other courts, including federal district courts, do not have "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." *Id.* § 1252(g).  Taken together, these provisions mean that when an alien "challeng[es] his removal, [his] path begins with a petition for review of his removal order, not a habeas petition." *Tazu v. Att'y Gen. U.S.*, 975 F.3d 292, 294 (3d Cir. 2020).  In this case, Dunkowski filed a habeas petition alleging that after he was convicted in Pennsylvania state court, an immigration judge ordered his removal from the United States. *See* (Pet. for a Writ of Habeas Corpus at 1–8).  He challenges his "illegal removal from [the] United States" and requests the Court to "reverse the removal order." (*Id.* at 3, 8.)  But to get "judicial review" of his "order of removal," Dunkowski must file a petition for review in the appropriate court of appeals.  8 U.S.C. § 1252(a)(5).  His habeas petition qualifies as a "cause or claim" by an alien "arising from the decision" by the Attorney General to commence and adjudicate a removal proceeding against an alien, *id.* § 1252(g), meaning this Court has no jurisdiction over it, *id.*; *see, e.g.*, *Kurtishi v. Cicchi*, 270 F. App'x 197, 199 (3d Cir. 2008) (per curiam) (holding that a district court "was without jurisdiction to consider [a habeas petitioner's] challenge to his order of removal"); *Chavez v. Bureau of Immigr. & Customs Enf't*, No. 25-cv-270, 2025 WL 1859098, at *1 (W.D. Wis. June 10, 2025) ("Because petitioner plainly challenges an order of removal, the [habeas] petition must be dismissed for lack of jurisdiction."); *Smith v. Sheriff of Baker Cnty. Sheriff's Off.*, No. 25-cv-504, 2025 WL 1309824, at *1 (M.D. Fla. May 6, 2024) (order) ("To the extent [a habeas petitioner] challenges the substance of her removal proceedings or requests direct review of any order of removal, the Court does not have jurisdiction to consider this challenge.").